UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER ROBINSON,

    Plaintiff,

v.

                                                  Case No. 08-14069
                                                  Hon. Lawrence P. Zatkoff

PATRICIA CARUSO et al.,

    Defendants.

    _____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 29, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Magistrate Judge Hluchaniuk's Report and Recommendation [dkt 90] in which the Magistrate Judge recommends that the Court deny Defendant Correctional Medical Services ("CMS") and Dr. Craig Hutchinson's ("Hutchinson")[1] motion to dismiss [dkt 27]. No objections were filed to the Report and Recommendation. For the following reasons, the Court REJECTS the Report and Recommendation and GRANTS the motion to dismiss.

**II. BACKGROUND**

The Court finds that the facts are adequately set forth in the Report and Recommendation

---

[1]The Court will hereinafter collectively reference these parties as "Defendants." This connotation refers only to those parties involved in the current motion (*i.e.*, Defendants CMS and Dr. Hutchinson) and it does not refer to other parties named in the lawsuit.

such that they need not be recited in full here. To summarize, Plaintiff, an inmate at the Huron Valley Correctional Facility, has filed this *pro se* lawsuit claiming that Defendants were deliberately indifferent to her medical needs in regard to her dental care. The current motion involves the alleged actions of CMS, a corporation that contracts with the State of Michigan to provide medical and dental services to inmates, and Defendant Hutchinson, the director of CMS.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions . . . . '").

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., Moore's Federal Practice ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary

2

judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b).

The Court recognizes that when a plaintiff proceeds *pro se*, as is the case here, the Court must construe that plaintiff's pleadings liberally and that such pleadings are held to a lesser standard than those drafted by a licensed attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The Court, however, will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## IV. ANALYSIS

### A. Exhaustion

A prisoner is required to exhaust her administrative remedies, including the applicable grievance procedures, prior to filing a federal civil-rights lawsuit. *See Woodford v. Ngo*, 548 U.S. 81, 86 (2006); 42 U.S.C. § 1997e. Exhaustion is an affirmative defense, and inmates are not required to plead exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).

The Magistrate Judge found that Defendants were not entitled to dismissal on the basis of exhaustion. The Court will assume, for the purposes of the current motion only, that Plaintiff properly exhausted her claims, and it will proceed to the merits of Plaintiff's allegations.

### B. Deliberate Indifference

In order to state an Eighth Amendment violation, a prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference requirement is satisfied when an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "A serious

medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004)).

"The failure to address a serious medical need rises to the level of a constitutional violation where both objective and subjective requirements are met." *McCarthy v. Place*, 313 Fed. Appx. 810, 814 (6th Cir. 2008). "The objective component requires an inmate to show that the alleged deprivation is 'sufficiently serious'" and "'that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer*, 511 U.S. at 834). "To satisfy the subjective component, an inmate must show that prison officials had 'a sufficiently culpable state of mind.'" *Id*.

Plaintiff's primary complaint is that she was refused root-canal therapy and instead offered only extraction of her affected teeth. Plaintiff submits that she was advised that the Michigan Department of Corrections (MDOC) would not pay for root canals, and she would have to pay for a private dentist to perform the procedure. She contends that, despite representations to the contrary, MDOC policy provides for root-canal therapy, citing MDOC Policy Directive 04.06.150 ¶K.5.

Plaintiff was offered extraction of her affected teeth, and Plaintiff rejected that treatment. This court has held that:

> [T]he decision by jail officials to extract plaintiff's tooth, rather than perform a root canal to save the tooth, does not evince deliberate indifference on their part towards plaintiff's dental needs. Instead, their decision to forego a root canal and make a determination that plaintiff's tooth should be extracted involves merely a disagreement between plaintiff and jail officials over plaintiff's dental treatment and therefore fails to establish an Eighth Amendment claim for purposes of bringing a claim under § 1983.

*Campbell v. St. Clair County Jail*, 2:08-CV-10224, 2008 WL 186376, at *2 (E.D. Mich. Jan. 22, 2008). Other courts have reached similar conclusions. *See James v. Penn. Dep't of Corr.*, 230 Fed. Appx. 195, 197 (3d Cir. 2007); *Brathwaite v. Corr. Med. Servs.*, 630 F. Supp. 2d 413, 417 (D. Del. 2009); *Koon v. Udah*, No. 8:06-2000, 2008 WL 724041, at *7 (D.S.C. Mar. 17, 2008). The Court agrees and finds that Defendants were not deliberately indifferent to Plaintiff's medical needs by offering extraction instead of root canals.

Furthermore, Plaintiff offers no evidence that MDOC or Defendants have universally applied an extraction-only policy, as she appears to insinuate. She points to no other inmate who was similarly advised of, or subjected to, such a policy. In addition, the cited MDOC policy provides for "extraction for teeth beyond repair." MDOC Policy Directive 04.06.150 ¶K.1. Plaintiff alleges nothing to suggest that the treating dentist did not make a medical judgment that Plaintiff's teeth were "beyond repair" as delineated in Policy Directive 04.06.150.

Following her decision to forego extraction, Plaintiff continued to disagree with the dental treatment offered at her prison facility. She complains that she was allergic to the medication initially provided to treat an infection. She also objects that the CMS dentist "only wanted to pump Plaintiff full of harsh, liver damaging antibiotics, Plaintiff believes because it was cheaper and easier for Dr. Schmude" rather than perform the endodontic surgery recommended by Plaintiff's private dentist. Pl.'s Resp. Br. at 18. Finally, she cites to delays in both her treatment at the prison and in scheduling appointments with her private dentist.

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). In the latter scenario, "[w]here

a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id*. *See also Davis v. Powell*, 110 Fed. Appx. 660, 662 (6th Cir. 2004); *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004). That is, no constitutional violation arises when the dispute involves a "mere difference of opinion between [the plaintiff] and medical personnel regarding his treatment[.]" *McFarland v. Austin*, 196 Fed. Appx. 410, 411 (6th Cir. 2006); *see also Alder v. Corr. Med. Servs*. 73 Fed. Appx. 839, 841–42 (6th Cir. 2003); *McKinley v. Bowlen*, 8 Fed. Appx. 488, 492 (6th Cir. 2001)

Accepting all of Plaintiff's factual averments as true, *see Erickson*, 551 U.S. at 94; *Twombly*, 550 U.S. at 555, the Court concludes that Plaintiff was provided regular access to dental treatment, and she merely disagrees over the various courses of treatment offered. Further, the Court finds that any missteps in Plaintiff's treatment do not rise above the level of negligence and were therefore not constitutionally deficient. Finally, as discussed below, even if the Court assumes that Plaintiff could establish deliberate indifference, such conduct cannot be attributed to Defendants as a matter of law.

**C. Defendant Hutchinson (Individual Capacity)**

Plaintiff's sole allegation personally involving Hutchinson is that she sent him a letter detailing her troubles in procuring dental treatment, and in return she received only an unsigned form letter instructing her to use the grievance process. She also blames Hutchinson for the decisions made and procedures used by those treating her, the delays in treatment and scheduling, and the understaffing of medical personnel.

Liability under § 1983 cannot be premised solely on the theory of *respondeat superior*. *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76 (6th Cir. 1995) (citing *Monell v. New York City Dep't of*

*Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see also Rizzo v. Goode*, 423 U.S. 362, 376 (1976). Likewise, liability does not exist when supervisors are "sloppy, reckless, or negligent" in the performance of their duties. *Doe v. City of Roseville*, 296 F.3d 431, 439 (6th Cir. 2002). Instead, the Sixth Circuit enunciates the standard as follows:

> [The] failure of a supervisory official to supervise, control, or train the offending individual officers is not actionable absent a showing that the official either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.

*Hays v. Jefferson County., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

Regarding Plaintiff's letter to Hutchinson, "§ 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance." *Bradley v. Hallworth*, No. 1:09-cv-1070, 2010 WL 707351, at *3 (W.D. Mich. Feb. 23, 2010). *See also Shehee v. Luttrell*, 199 F.3d 295, 300 (1999) (dismissing claim based on "failure to intervene on [the plaintiff's] behalf"). That is, there is no evidence to suggest that any inaction by Hutchinson "was so likely to result in the violation of the inmates' constitutional rights that we find that he was deliberately indifferent to their serious medical needs." *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992).

Finally, there is nothing before the Court to suggest that Hutchinson acted (or did not act) with a "sufficiently culpable state of mind" to establish deliberate indifference. *Brown*, 207 F.3d at 867. For these reasons, even if Plaintiff were able to state an Eighth Amendment violation, there is no basis to impute any such violation to Hutchinson. The claims against him must be dismissed.

**D. CMS and Defendant Hutchinson (Official Capacity)**

Plaintiff faults CMS for largely the same reasons as she does Hutchinson. She complains about the dental services provided to her and the decisions made by those treating her, including the alleged extraction-only policy. She also maintains that CMS employed policies of understaffing facilities and delaying and/or denying appropriate treatment.

A private corporation, such as CMS, cannot be held liable under § 1983 on a theory of *respondeat superior*. *See Starcher v. Corr. Med. Sys., Inc.*, 7 Fed. Appx. 459, 465 (6th Cir. 2001); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996). "Rather, the plaintiff must establish a policy or custom that caused the constitutional violation." *Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *2 (6th Cir. Jan 23, 2009).

Plaintiff points to no written or formal policy implemented by CMS. Instead, Plaintiff essentially argues that CMS has a policy or custom of providing inadequate dental care to inmates. Plaintiff fails to identify any individuals involved who had final-policy making authority so as to establish policy by their actions. *See, e.g.*, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). Likewise, she has not alleged that there was a "clear and persistent" pattern of constitutionally-deficient dental care that CMS had notice of, and failed to act in light of. *See, e.g.*, *Doe v. Claiborne County, Tenn.,* 103 F.3d 495, 508 (6th Cir. 1996). The Court finds that Plaintiff's "bare allegations of a custom or policy, unsupported by any evidence, are insufficient to establish entitlement to relief." *Broyles*, 2009 WL 3154241, at *2.

## V. CONCLUSION

Accordingly, and for the foregoing reasons, the Court REJECTS the Magistrate Judge's Report and Recommendation. It is HEREBY ORDERED that Defendants CMS and Dr. Hutchinson's motion to dismiss [dkt 27] is GRANTED;

IT IS FURTHER ORDERED that all claims against Defendants CMS and Hutchinson are DISMISSED;

IT IS FURTHER ORDERED that Defendants CMS and Hutchinson's motion for summary judgment [dkt 97] is DENIED AS MOOT.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: March 29, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 29, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290