UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HEATHER ROBINSON, | Case No. 08-14069 |
| Plaintiff, | Lawrence P. Zatkoff |
| vs. | United States District Judge |
| PATRICIA CARUSO, *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |

# REPORT AND RECOMMENDATION
## PLAINTIFF'S MOTION TO DISMISS (Dkt. 118) AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 113)

Plaintiff, an inmate currently in the custody of the Michigan Department of Corrections, brings this action under 42 U.S.C. § 1983, claiming a violation of his rights under the United States Constitution. (Dkt. 1). District Judge Lawrence P. Zatkoff referred this case to the undersigned for all pretrial purposes. (Dkt. 60).

Defendant Bonita Davis-Neigbors filed a motion for summary judgment on April 30, 2010. (Dkt. 113). The Court issued a scheduling order requiring plaintiff to respond by June 17, 2010. (Dkt. 114). The scheduling order specifically provided that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party.**" (Dkt. 114) (emphasis in original). Plaintiff failed to file a timely response to defendant's motion for summary judgment. The Court issued an order for plaintiff to show

cause, by July 20, 2010, why this matter should not be dismissed with prejudice based on his failure to prosecute. (Dkt. 116). Plaintiff filed a response indicating that "in order to simplify proceedings," she has decided to move the Court to "dismiss defendants not vital to her complaint." (Dkt. 117). Plaintiff filed a separate motion to voluntarily dismiss defendants St. Joseph Mercy Hospital, Feison, Ethridge, Osbourne, Hutchinson, Bielak, "other unknown nurses," Kulkarni, and Neigbors. (Dkt. 118).

Defendants Ethridge, Osbourne, St. Joseph Mercy Hospital, and Feison were already dismissed from this matter by virtue of the Court's March 29, 2010 memorandum opinion and order. (Dkt. 110). Thus, no further relief as to these defendants is warranted by plaintiff's motion to voluntarily dismiss them. Based on plaintiff's motion, the undersigned recommends that the Court grant her motion to dismiss defendants Bielak, Kulkarni, Neigbors, and the "John Doe" defendant nurses. Rule 41(a)(2) provides that a dismissal at plaintiff's request will be without prejudice, unless the order provides otherwise. In light of the terms of the show cause (which warns of a dismissal with prejudice), and the fact that the recommended dismissal follows a dispositive motion, the undersigned recommends that the dismissal be with prejudice. Under the circumstances, the undersigned recommends that defendant Neigbors' motion for summary judgment be denied as moot.

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's claims against defendants Bielak, Kulkarni, Neigbors, and the "John Doe" defendant nurses be **DISMISSED** with prejudice and that defendant Neigbors' motion for summary judgment be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 2, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 2, 2010 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Michael R. Dean, Brian J. Richtarcik, Randall A. Juip, and Ronald E. Wagner, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Heather Robinson, # 309247, HURON VALLEY COMPLEX - WOMEN'S, 3511 Bemis Road, Ypsilanti, MI 48197.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov