UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER ROBINSON,                                   Case  No. 08-14069

                    Plaintiff,                      Lawrence P. Zatkoff
vs.                                                 United States District Judge

PATRICIA CARUSO, *et al.*,                          Michael Hluchaniuk
                                                    United States Magistrate Judge
                    Defendants.
_____/

**REPORT AND RECOMMENDATION
DISMISSAL FOR FAILURE TO TIMELY EFFECTUATE SERVICE
AND MOTION FOR SUBSTITUTION OF PARTIES (Dkt. 128)**

**I.     PROCEDURAL HISTORY**

Plaintiff, an inmate currently in the custody of the Michigan Department of

Corrections, brings this action under 42 U.S.C. § 1983, claiming a violation of her

rights under the United States Constitution.  (Dkt. 1).  District Judge Lawrence P.

Zatkoff referred this case to the undersigned for all pretrial purposes. (Dkt. 60).

Plaintiff filed a motion to allow attorney general to accept service on behalf

of defendant Z. Campbell, DDS on February 28, 2011.  (Dkt. 125).  The Office of

the Michigan Attorney General filed a response on March 4, 2011, indicating that

Zolton Campbell, a former MDOC dentist, died on December 15, 2008, before

being served with this lawsuit.  Based on the foregoing, the Court ordered  plaintiff

to show cause in writing why the dismissal of defendant Campbell should not be

Report and Recommendation
Dismissal for Failure to Serve/Motion for Substitution
*Robinson v. Caruso*; 08-14069

recommended, given that he is deceased.  (Dkt. 127).  The Court warned plaintiff that failure to satisfactorily or timely comply with the show cause order would result in a recommendation that the action against defendant Campbell be dismissed.  (Dkt. 127).  The Court also denied plaintiff's motion to order the Attorney General to accept service on behalf of defendant Campbell, given that he is deceased.  (Dkt. 127).

On April 19, 2011, plaintiff filed a response to the show cause order and a motion to substitute parties.  (Dkt. 128).  In her response, plaintiff says that she was not notified of defendant Campbell's death by the Attorney General or the U.S. Marshal.  According to plaintiff, the failure to provide her with more timely notice precluded her "from filing [her motion for substitution] years ago and arguing her briefs differently."  (Dkt. 128).  According to plaintiff, she has been prejudiced because the failure to provide timely notice eliminated "a vital defendant in her legal arguments."  According to plaintiff, defendant Campbell is vital to her case because he delayed emergency medical treatment, refused to timely see her, and caused her infection to intensify and left her in unnecessary pain.  (Dkt. 128, *see also* Dkt. 1).  In addition, defendant Campbell provided her with antibiotics to which she was allergic, endangering her life and health.  (Dkt. 128, *see also* Dkt. 1).  Based on the foregoing, plaintiff requests substitution, however, she does not identify the party to be substituted.  (Dkt. 128).

Report and Recommendation
Dismissal for Failure to Serve/Motion for Substitution
*Robinson v. Caruso*; 08-14069

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's claims against defendant Campbell be dismissed without prejudice for failure to effect service of process and failure to identify a party to be substituted, and that her motion for substitution be **DENIED**.

## II.  ANALYSIS AND CONCLUSION

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated within 120 days the Court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996), citing, *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). It is plaintiff's burden to establish good cause for failing to timely effect service. *Habib*, 15 F.3d at 73. Further, Local Rule 41.2 provides that if the parties have not taken action within a reasonable time, the Court may enter an order dismissing the case for lack of prosecution.

Plaintiff failed to timely serve the summons and complaint after being warned that failure to do so could result in dismissal. However, her failure to do so is not entirely her fault, given that she had no notice of defendant Campbell's death. On March 4, 2011, when defendants filed a response to plaintiff's motion to allow the Attorney General to accept service on behalf of defendant Campbell, plaintiff was informed of his death. (Dkt. 126). It has been well over two months

Report and Recommendation
Dismissal for Failure to Serve/Motion for Substitution
*Robinson v. Caruso*; 08-14069

since plaintiff received such notice.  Based on this notice, plaintiff filed a motion

for substitution.  (Dkt. 128).  "If an action was commenced by the filing of a

complaint but a party named in the complaint dies, ... before being served with

process, substitution is available, but, as in any instance of substitution, process

must be served on the new party to acquire in personam jurisdiction."  *Sloan v.*

*Overton*, 2010 WL 398108, *2 (D. Kan. 2010), quoting, 7C Charles Alan Wright,

Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1951 (3d ed.

2007).  Here, plaintiff does not identify the proper party to be substituted and

served and thus, an action cannot be continued.  Therefore, the undersigned

recommends that plaintiff's complaint be dismissed without prejudice pursuant to

Rule 4(m) and Local Rule 41.2, along with her failure to identify a party to be

substituted pursuant to Rule 25 to be served.  *See Habib*, 15 F.3d at 73 ("Absent a

showing of good cause to justify a failure to effect timely service, the Federal

Rules of Civil Procedure compel dismissal.").

Further, the undersigned notes that plaintiff has not suffered any prejudice

for several reasons.  First, as set forth above, any dismissal entered would be

without prejudice.  Second, based on the substantive decisions previously made in

this case by Judge Zatkoff, it is unlikely that plaintiff's claims of deliberate

indifference against defendant Campbell would have survived a motion to dismiss

or a motion for summary judgment.  For example, the Court previously held that

Report and Recommendation
Dismissal for Failure to Serve/Motion for Substitution
*Robinson v. Caruso*; 08-14069

"Accepting all of Plaintiff's factual averments as true... the Court concludes that

Plaintiff was provided regular access to dental treatment, and she merely disagrees

over the various courses of treatment offered.  Further, the Court finds that any

missteps in Plaintiff's treatment do not rise above the level of negligence and were

therefore not constitutionally deficient."  (Dkt. 110, p. 6).  In addition, the Court

adopted the undersigned's conclusions regarding defendants' motion for summary

judgment:

> Plaintiff does not provide any verifying medical evidence
> to establish that the treatment she received was so
> woefully inadequate as to violate her Eighth Amendment
> rights or that the delay in treatment caused a serious
> medical injury. While plaintiff claims that she was denied
> medical/dental treatment from mid-2005 through 2007,
> the record evidence shows that she received regular,
> consistent care and treatment. No medical evidence in the
> record suggests that any alleged delay in treatment cause
> plaintiff harm that would not have otherwise occurred,
> given plaintiff's chronic dental issues caused by chronic
> acid reflux. * * * Plaintiff's claim of alleged deliberate
> indifference is merely a case of disagreement with the
> course of treatment provided, which is insufficient to
> establish an Eighth Amendment violation.

(Dkt. 101, p. 18; *see also* Dkt. 109).  Based on the foregoing, plaintiff is not

prejudiced by the dismissal of defendant Campbell.

Report and Recommendation
Dismissal for Failure to Serve/Motion for Substitution
*Robinson v. Caruso*; 08-14069

## III.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** without prejudice pursuant to Rule 25, Rule 4(m), and Local Rule 41.2 and that her motion for substitution be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: May 25, 2011                                          s/Michael Hluchaniuk
                                                            Michael Hluchaniuk
                                                            United States Magistrate Judge

## CERTIFICATE OF SERVICE

        I certify that on May 25, 2011, I electronically filed the foregoing paper with
the Clerk of the Court using the ECF system, which will send electronic
notification to the following: Michael R. Dean, Brian J. Richtarcik, Randall A.
Juip, Ronald W. Chapman, and Ronald E. Wagner, and I certify that I have mailed
by United States Postal Service the paper to the following non-ECF participant(s):
Heather Robinson, # 309247, HURON VALLEY COMPLEX - WOMEN'S, 3511
Bemis Road, Ypsilanti, MI 48197.

                                                            s/Tammy Hallwood
                                                            Case Manager
                                                            (810) 341-7887
                                                            tammy_hallwood@mied.uscourts.gov

Report and Recommendation
Dismissal for Failure to Serve/Motion for Substitution
*Robinson v. Caruso*; 08-14069